# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ALICIA OUSLEY,

    Plaintiff,

v.                                          Civil Action 2:19-cv-1744
                                           Judge Sarah D. Morrison
                                           Magistrate Judge Kimberly A. Jolson

CG CONSULTING, LLC, et al.,

    Defendants.

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint. (Doc. 74). For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part and DENIED in part**. Should the District Judge adopt this Report and Recommendation ("R&R"), it is **ORDERED** that Plaintiff file a Third Amended Complaint **seven (7) days** from the date of adoption, omitting Counts XI, XII—or any claim arising under O.R.C. §§ 4113.15, 4111.03. Further, if this R&R is adopted, the parties are **ORDERED** to submit a revised case schedule within **fourteen (14) days** from the date of adoption, setting forth revised deadlines relating to discovery, Rule 23 Class Certification, and dispositive motions. While this R&R pends, discovery shall proceed.

## I.     BACKGROUND

Plaintiff, a former employee at Defendant CG Consulting, LLC, d/b/a Scores Columbus ("Scores"), filed the instant action on May 2, 2019, alleging a number of claims relating to the conditions of her employment. (*See generally* Doc. 1). The first complaint named two Defendants: Scores and Jose Canseco, the general manager at Scores during the relevant time period. (*Id.*). While Scores was properly served (*see* Doc. 2), Jose Canseco was not. So the Court directed

Plaintiff to show cause why this action should not be dismissed as to Defendant Canseco and why an extension of time to effect service should be allowed. (Doc 7). Plaintiff responded to the show cause order on September 18, 2019, and the Court granted her an extension of time to serve Defendant Canseco. (Docs. 10, 11, 16). In the interim, the parties filed their Rule 26(f) Report and agreed that "any motion to amend the pleadings or to join additional parties shall be filed by November 15, 2019." (Doc. 8). The Court adopted the proposed deadlines and issued a scheduling order. (Doc. 9). In December 2019, Plaintiff successfully served Defendant Canseco, and he later answered. (Docs. 21, 23). In the months that followed, Scores retained new counsel, and the January 2020 mediation deadline was vacated. (*See* Docs. 25–27). Given the time elapsed, the parties moved to vacate the existing case schedule and proposed amended case deadlines, which the Court adopted. (Docs. 30, 31). Notably, the amended case schedule did not change the previously set amendment deadline. (*See generally id*.).

On August 17, 2021, Plaintiff moved to amend her Complaint to add new factual allegations, two new Defendants, and more claims on behalf of herself and similarly situated hourly tipped employees from the two years preceding the filing of her original complaint. (*See* Doc. 38). The Court granted the unopposed Motion. (Docs. 40, 41). Several months later, Plaintiff again moved to amend after determining that her "claims related to unpaid minimum wages and other compensation under the Fair Labor Standards Act ("FLSA") . . . were appropriate for collective action proceedings pursuant to 29 U.S.C. § 216(b) . . . ." (Doc. 48 at 3). Additionally, Plaintiff sought to clarify several of her FLSA claims and add a state-law claim for minimum wage violations. (*Id*.). Again, Defendants did not oppose Plaintiff's Motion, and the Court granted her leave to amend a second time. (*See* Docs. 50, 51).

Plaintiff then moved for conditional class certification (Doc. 54), which the Court granted, taking into account that Defendants' only opposition was to remove the word "dancer" from Plaintiff's proposed Notice. (*See* Doc. 58 at 1). The next month, Plaintiff filed a Motion for an Order to Show Cause for Defendants' failure to provide an FLSA Class List as prescribed by the Court's previous Order. (Doc. 63 (relying on Doc. 58)). After a status conference with the Court, Plaintiff's Motion was granted in part, and Defendants were ordered to produce the complete FLSA Class List. (Doc. 65). With the dispute resolved, the parties progressed with discovery.

Now Plaintiff requests leave to file a Third Amended Complaint. She seeks to add Michael Starkey and Josh Votaw, two security guards formally employed by Defendants, as Named Plaintiffs. (*See generally* Doc. 74-4). She also aims to add additional claims related to the conditions of Starkey's and Votaw's employment with Defendants. (*Id*.). She argues that "good cause exists under Rule 16(b) and Rule 15(a) based on information exchanged in discovery, . . . further development of the claims based on that information, [and] further consultation with [the] Named and [] Opt-In Plaintiffs . . . " (Doc. 74 at 9). Similarly, Plaintiff argues that this Third Amended Complaint should relate back to the date of the original complaint as the claims asserted "arise out of the same conduct, transaction, or occurrence set out or attempted to be set out in the Complaint, pursuant to Fed.R.Civ. P. 15(c)(1)(B)–(C)." (Doc. 77 at 1). Defendants oppose, arguing that Plaintiffs "have failed to act in a diligent manner, in good faith, and the proposed amendments would be futile . . . " (Doc. 76 at 1). The Court expedited briefing on Plaintiff's Motion, which is now ripe for consideration. (*See* Docs. 75–77).

## II.   STANDARD

Two federal rules govern Plaintiff's Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court

should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiff moved to amend after the Court's November 15, 2019, amendment deadline, she "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III. DISCUSSION

As noted, the Court must first decide whether Plaintiff has shown good cause under Rule 16(b) before turning to Rule 15(a)'s more generous standard.

   A. **Rule 16(b)**

In evaluating good cause under Rule 16(b), Plaintiff's diligence is key. *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007); *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). The moving party may still be deemed to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2. Plaintiff has shown good cause here.

Plaintiff contends that she has demonstrated "good cause" under Rule 16(b) because the factual basis supporting her proposed amendment was not disclosed until after the deadline to amend. (Doc. 74 at 12). Plaintiff represents that the proposed amendment is "entirely based" on the payroll summary produced in discovery in late December 2020. (*Id.*). Once Defendants disclosed this document, Plaintiff identified the opt-in Plaintiffs—specifically Votaw and Starkey—who then filed their Notices of Consent to Join on January 25, 2021, and March 15, 2021, respectively. (*See id.* (citing Docs. 66, 71)). After conferring with Votaw and Starkey—which Plaintiff's counsel was not permitted to do until they had opted-in—Plaintiff determined that they needed to be added as Named Plaintiffs in order to ensure other similarly situated individuals could have their rights adjudicated. (*Id.*).

Defendants contend that Plaintiff waited too long. They say that Plaintiff should have moved to amend as soon as the Proposed Named Plaintiffs opted in, and that waiting until they consented to be Named Plaintiffs shows a lack of diligence. (Doc. 76 at 4). Yet, in a collective (or class) action under the FLSA, a plaintiff who opts-in is not automatically joined as a Named Plaintiff. *Salazar v. Brown*, No. G87-961, 1996 WL 302673, at *9 (W.D. Mich. Apr. 9, 1996) ("The distinction between individual and collective actions is critical in addressing the statute of

5

limitations defense[.]"); *see also Becker v. S. Soils, Turf Mgmt., Inc.*, 2006 WL 3359687 (M.D. Fla. Nov. 20, 2006) ("The filing of a consent to join in the litigation does not operate as an automatic joinder in the action or amend[ment] of the complaint."). Given this requirement, Plaintiff could not have moved to amend until Votaw and Starkey both consented to become named Plaintiffs. Votaw consented on April 30, 2021, and Starkey consented to May 3, 2021. (*See* Doc. 74-4 at 51, 52). Plaintiff moved to amend just ten days after Starkey's consent. (Doc. 77 at 3 (citing Doc. 74-4)).

While the parties dispute when Plaintiff discovered the information underlying her Third Amended Complaint, the timeline shows that Plaintiff was diligent enough. *Woods v. FacilitySource, LLC*, No. 2:13-cv-621, 2014 WL 1783942, at *2 (S.D. Ohio May 5, 2014) (granting leave to amend where "[t]he record provid[ed] no basis from which [the] Court could conclude that Defendants lacked diligence in conducting discovery or in moving the Court after they discovered their claim"). Indeed, the Court has no reason to doubt Plaintiff's representations about the efforts she undertook.

Additionally, a review of the Third Amended Complaint shows that the Proposed Named Plaintiffs and their corresponding claims are sufficiently related to those claims already asserted. So amendment will not require Defendants to incur significant additional costs in discovery or to develop a new litigation strategy. *See Chkrs, LLC v. City of Dublin, Ohio*, No. 2:18-CV-1366, 2019 WL 3975447, at *13 (S.D. Ohio Aug. 22, 2019) (finding no undue prejudice where "granting leave to amend will not require Defendants to expend significant additional resources to conduct discovery and prepare for trial") (citation, internal quotations, and alteration omitted). And a bit more of discovery generally does not change the Court's good cause finding. *See U-Haul Int'l, Inc.*, 286 F.R.D. at 325 ("Prejudice to the non-moving party is a relevant consideration [in a 16(b)

analysis], 'but the main focus should remain on the moving party's exercise of diligence.'") (quoting *Cooke*, 2007 WL 188568, at *2).

Thus, pursuant to its "broad discretion in deciding motions for leave to amend," the Court finds that Plaintiff has exercised diligence and any prejudice will be light. Thus, Rule 16(b)'s good cause requirement is satisfied.

**B. Rule 15(a)**

Turning to Rule 15(a), the Court finds Plaintiff has partially satisfied this standard. The Court finds no evidence of bad faith or dilatory motive on Plaintiff's part. And while she has previously moved to amend twice, this is not a situation where there have been repeated failures to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182. As detailed above, Plaintiff moved to amend after discovering new information and Defendants did not oppose Plaintiff's two previous Motions to Amend. (*See* Docs. 38, 48). Thus, the Court easily concludes that Plaintiff's conduct does not prevent amendment here.

Futility, however, requires more consideration. Defendants contend that "[a]ll of [Plaintiff's] asserted claims are barred by the two-year limitations period under both federal and state law[,]" and therefore this is a "classically futile amendment." (Doc. 76 at 8). In support, Defendants say that "[b]oth Mr. Votaw and Mr. Starkey's . . . last paycheck on which a claim could possibly accrue was in 2018." (*Id.*). Defendants are only partially correct. The Third Amended Complaint alleges federal claims under the FLSA as well as state law claims for minimum wage violations, unpaid overtime, and untimely payment. (*See* Doc. 74-4 at ¶ 1). Each claim is subject to a different statute of limitations and must be considered separately.

As noted, Plaintiff's federal claims are brought under the FLSA. Such a lawsuit "must 'be commenced within two years after the cause of action accrued' unless the plaintiff demonstrates

7

the cause of action arose 'out of a willful violation.'" *Crace v. Viking Grp., Inc.*, No. 3:20-cv-176, 2021 WL 764072, at *6 (S.D. Ohio Feb. 26, 2021) (quoting 29 U.S.C. § 255(a)). Yet, where a plaintiff alleges a willful violation, the statute of limitations is three years. 29 U.S.C. § 255(a). An action is considered to have commenced as to each individual plaintiff when an opt-in notice is filed with the court. 29 U.S.C. § 256.

Here, Votaw and Starkey worked for Defendants until August 2018, and both opted in by March 15, 2021. Importantly, they have alleged willful violations, which means they have satisfied the three-year limitations period. Notably, Defendants do not argue that the alleged violations were not willful. And at this stage, the Court's role is to evaluate only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). Accordingly, the Proposed Named Plaintiffs' claims for willful FLSA violations are not obviously futile. Should Defendants wish to argue otherwise, they may do so in a dispositive motion. *See Durthaler v. Accounts Receivable Mngmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").

Proposed Named Plaintiffs' minimum wage violation claims under state law are also timely. There is a three-year statute of limitations for minimum wage violations as proscribed by Article II, Section 34a of the Ohio Constitution. O.R.C. § 4111.14(K). Thus, for the reasons discussed above, Proposed Named Plaintiffs' minimum wage violation claims are not obviously futile.

But the same is not true for Proposed Named Plaintiffs' two remaining state-law claims for unpaid overtime and untimely payment. Under Ohio law, "[a]n action . . . by an employee for the

payment of unpaid overtime compensation . . . shall be commenced within two years after the cause of action accrued." O.R.C. §§ 2305.11(A), 4111.03. Similarly, claims for failure to pay an employee in a timely manner are also subject to a two-year statute of limitations under Ohio law. O.R.C. § 4113.15; *see also Scheck v. Maxim Healthcare Servs.*, 333 F. Supp. 3d 751, 759 (N.D. Ohio 2018). Defendants employed Proposed Named Plaintiffs until August 2018. So they would have had to file their opt-in notices by August 2020 at the latest. Yet, they did not do so until early 2021. (*See* Docs. 66, 71). So their claims for unpaid overtime and untimely payment are time barred. And where a proposed amended claim is barred by the applicable statute of limitations, such a claim is futile. *Home Quarters Real Estate Grp., LLC v. Michigan Data Exch., Inc.*, No. 2:07-cv-12090, 2010 WL 11545057 at *2 (E.D. Mich. June 28, 2010).

To avoid this result, Proposed Named Plaintiffs argue that the Third Amended Complaint should relate back to the date of the original complaint. This argument, however, is meritless. While Rule 15(c)(1)(B) allows relation back of an amendment asserting a "claim or defense," it does not authorize the relation back of an amendment adding a new party. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318–319 (6th Cir. 2010). Indeed, Rule 15(c)(1)(C) permits relation back only to "correct a misnomer or misdescription of a proper party plaintiff already in court." *Id*. (citing *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991)). A plaintiff may not use Rule 15(c)(1)(C) to "circumvent the statute of limitations, add[] new parties [or] new claims." *Id*.

Here, the Proposed Named Plaintiffs are not seeking to correct any mistake, error or misdescription; thus, they cannot rely on Rule 15(c)(1)(C). Because their state-law claims for unpaid overtime and untimely payment do not relate back, they are time barred. Accordingly, it is **RECOMMENDED** that the Proposed Named Plaintiffs' request that their claims relate back to

9

the original filing date be **DENIED** as futile.

IV.     **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part and DENIED in part**. Should the District Judge adopt this R&R, it is **ORDERED** that Plaintiff file a Third Amended Complaint **seven (7) days** from the date of adoption, omitting Counts XI, XII—or any claim arising under O.R.C. §§ 4113.15, 4111.03. Further, if this R&R is adopted, the parties are **ORDERED** to submit a revised case schedule within **fourteen (14) days** from the date of adoption, setting forth revised deadlines relating to discovery, Rule 23 Class Certification, and dispositive motions. While this R&R pends, discovery shall proceed.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: July 1, 2021                                    /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE