**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ALICIA OUSLEY,

      Plaintiff,

   v.

CG CONSULTING, LLC, *et al.*,

      Defendants.

:

:

Case No. 2:19-cv-01744
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on pretrial motions in limine filed by Defendants CG Consulting, LLC and Jose Canseco and Plaintiff Alicia Ousley. All parties ask the Court to bar evidence of and references to Ms. Ousley's federal and state law wage and hour claims that the parties have settled. (ECF Nos. 155, 161.) Still, Ms. Ousley opposes part of Defendants' Motion. (ECF No. 176.)

Ms. Ousley's Motion is **GRANTED** and Defendants' Motion is **GRANTED in part** and **DENIED in part.**

I.   Background

In her Third Amended Complaint, Ms. Ousley brings claims against Defendants for sex harassment, discrimination, retaliation, assault, and for aiding and abetting that behavior ("Harassment Claims," Third Am. Compl., ECF No. 80, Counts I–VII), and for federal and state wage and hour violations ("Wage and Hour Claims," Third Am. Compl., Counts VIII–XI, XIII, XV). After discovery and motion practice, and upon oral motion by Ms. Ousley's counsel, this Court severed the

Wage and Hour Claims from the Harassment Claims. (ECF No. 143.) The parties settled the Wage and Hours Claims and obtained Court approval of that settlement. (*Ousley v. CG Consulting LLC*, Case No. 2:23-cv-01435, ECF No. 145.) The parties are set to go to trial on July 31, 2023, on the Harassment Claims. (ECF No. 144.)

## II. Standard of Review

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely. *Abington Emerson Cap., LLC v. Adkins*, No. 2:17-CV-00143, 2021 WL 7968411, at *1 (S.D. Ohio Oct. 8, 2021); *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Bennett*, 2011 WL 4753414, at * 1. If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.).

Whether to grant a motion in limine is within the discretion of the trial court. *Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012). The Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Henricks*, 2016 WL 4577800, at *2 (citing *Branham*, 689 F.3d at 562; *Bennett*, 2011 WL 4753414, at * 1.)

**III. Analysis**

Defendants ask that the Court bar Ms. Ousley "from introducing any evidence, referencing, commenting on, or suggesting to the jury the factual or legal basis for the Wage and Hour Claims or settlement of those claims." (ECF No. 155, PageID 2936.) Defendants cite Federal Rules of Evidence 408, arguing evidence of their settlement is barred. (*Id.* PageID 2935.) They also cite Rules 401, 402, and 403, asserting the Wage and Hour Claims have no relevance or bearing on their liability for the Harassment Claims. (*Id.* 2935–36.) Ms. Ousley makes similar argument in her Motion—that Defendants should be precluded from referencing the Wage and Hour Claims or settlement, citing Rules 401, 402, and 403. (ECF No. 161, PageID 3016–17.)

Even so, Ms. Ousley also responded to Defendants' Motion, explaining that she objects to it to the extent that Defendants are seeking to bar all evidence and references to certain documents related to the Wage and Hour Claims because "there is overlapping evidence that will be used in support of Plaintiff's claims and/or to oppose Defendants' purported defense of Plaintiff's claims." (ECF No. 176, PageID 3167.) As an example, she explains that she intends to use Point of Sale ("POS") records which reflect when CG employees, including Ms. Ousley, clocked in and out each shift, and their hours worked. (*Id.* PageID 3167–68.) Ms. Ousley argues these records are relevant to give context to or refute incident reports Defendants will rely on to claim she was terminated for bad behavior rather than because of Defendants' discriminatory or retaliatory animus. (*Id.* PageID 3168–70.)

3

The Court agrees with the parties that the Wage and Hours Claims themselves are irrelevant under Rules 401 and 402 to the Harassment Claims, and that any evidence of settlement offers, negotiations, and agreements related to the Wage and Hour Claims are inadmissible under Rule 408. But evidence relevant to the Wage and Hour Claims that also supports the Harassment Claims or refutes Defendants' defenses to the Harassment Claims, such as the POS records Ms. Ousley discusses in her Response, could be relevant and have probative value. Thus, the Court will defer its evidentiary ruling on those issues until trial, when it has the benefit of additional context.

## IV. Conclusion

Therefore, Ms. Ousley's Motion is **GRANTED**. (ECF No. 161.) Defendants' Motion is **GRANTED in part** as much as it overlaps with Ms. Ousley's Motion, consistent with this Opinion and Order. (ECF No. 155.) Defendants' Motion is **DENIED in part** if it seeks to bar evidence relevant to the Wage and Hour Claims that also supports the Harassment Claims or refutes Defendants' defenses to the Harassment Claims.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

4