## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ALICIA OUSLEY,**

        **Plaintiff,**        :

              **Case No. 2:19-cv-01744**
    **v.**             **Judge Sarah D. Morrison**
              **Magistrate Judge Kimberly A.**
              **Jolson**

**CG CONSULTING, LLC, *et al.*,**  :

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on several pretrial motions filed by Plaintiff Alicia Ousley and Defendants CG Consulting, LLC and Jose Canseco. (ECF Nos. 153, 157–60.)

## I.    MOTIONS IN LIMINE

Defendants move the Court to bar all evidence relating to back pay and front pay. (ECF No. 157.) Ms. Ousley opposes their Motion. (ECF No. 175.)

Ms. Ousley moves to exclude any references to her alleged illegal drug use and her audition for or work as an exotic dancer. (ECF Nos. 159, 160.) Defendants oppose both of her Motions. (ECF Nos. 169, 172.)

### A.    Standard of Review

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely. *Abington Emerson Cap., LLC v. Adkins*, No. 2:17-CV-00143, 2021 WL 7968411, at *1 (S.D. Ohio Oct. 8, 2021); *Bennett v. Bd. of*

*Educ. of Washingt*on *Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Bennett*, 2011 WL 4753414, at * 1. If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.,* No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.).

Whether to grant a motion in limine is within the discretion of the trial court. *Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012). The Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Henricks*, 2016 WL 4577800, at *2 (citing *Branham,* 689 F.3d at 562; *Bennett*, 2011 WL 4753414, at * 1.)

### B.    Defendants' Motion in Limine to Bar All Evidence Relating to Back Pay and Front Pay

Defendants move the Court to exclude all evidence of Ms. Ousley's entitlement to back pay and front pay. (ECF No. 157, PageID 2939.) They argue that evidence on the record shows Ms. Ousley did not suffer future losses, obtained replacement income, did not seek reinstatement, and obtained employment from which she derived greater income than she would have with CG. (*Id.*)

Ms. Ousley identifies that Defendants do not cite to the record to support their assertions and disputes Defendants' characterization of the record,

particularly their description of her own deposition testimony. (ECF No. 175, PageID 3163–64.) She argues there is nothing on the record that shows how much she made after her termination from CG (*id.* PageID 3164), and contends that the jury needs to review all the evidence, including new evidence, to determine whether she has back pay and front pay damages (*id.* PageID 3164–65).

Back pay and front pay are considered equitable rather than compensatory remedies. *Szeinbach v. Ohio State Univ.,* 820 F.3d 814, 820 (6th Cir. 2016) (citations omitted). Back pay is "money awarded for lost compensation during the period between the date of the plaintiff's injury (i.e., the date on which the discriminatory course of conduct began) and the date on which damages are determined." *Id.* (citing *Howe v. City of Akron*, 801 F.3d 718, 745 (6th Cir.2015)). "Front pay is 'money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement.'" *Id.* (quoting *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 846, 852–53 & n. 3 (2001)). While back pay is not appropriate in all situations—i.e., where a plaintiff has not proven her entitlement to back pay nor established the appropriate amount with reasonable certainty—it is presumptively favored under Title VII. *Id.* at 821.

While the Court expresses no opinion on the merits of whether Plaintiff would be entitled to back pay or front pay damages were she to prove her claims, Defendants have not shown that evidence of such remedies is clearly inadmissible. Defendants do not cite to the record to support their arguments, and it is not the Court's duty to sift through the record for them. *See Parsons v. FedEx Corp.*, 360 F.

App'x 642, 646 (6th Cir. 2010) (district courts have no duty to sift through the record for evidence to support a party's argument).

Defendants' Motion is **DENIED**.

### C. Ms. Ousley's Motion in Limine to Exclude References to Her Alleged Illegal Drug Use

Ms. Ousley moves the Court to exclude references to her alleged illegal drug use, arguing that when she was terminated, there were no allegations, indications, or testimony that her termination resulted from illegal drug use. (ECF No. 159, PageID 2946.) Any such new evidence of drug use, she continues, is irrelevant to her claims (citing Federal Rules of Evidence 401 and 402), and the true reason Defendants seek to introduce this evidence is to improperly prejudice the jury against Plaintiff (citing Rule 403). (*Id.* PageID 2951.) The evidence, Ms. Ousley urges, "will do nothing more than paint Plaintiff as a person of bad character." (*Id.* PageID 2951.) She also contends the drug use evidence should be excluded under Rules 404(b) and 608. (*Id.* PageID 2952.)

Defendants respond that they plan to question witnesses, including Ms. Ousley, about her illegal drug use on the night of the alleged sexual assault and during her employment at Scores Columbus. (ECF No. 169, PageID 3104.) Defendants contend that evidence is relevant to Ms. Ousley's perception of events on the night of the alleged sexual assault and to the decision to terminate her. (*Id.* PageID 3104.) Defendants cite Rules 401 and 402, arguing that where one party alleges events occurred that the other denies, evidence that the former party was under the influence of drugs when the incident allegedly occurred is relevant to the

4

trier-of-fact's determinations about whether that party might have had an impaired perception or memory. (*Id.* PageID 3106.) Defendants assert they are not seeking to introduce drug use evidence to impugn Ms. Ousley's character or for a propensity purpose. (*Id.* PageID 3108.)

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. And Rule 402 states that "[i]rrelevant evidence is not admissible." "As indicated by its use of the phrase 'any tendency,' the Rule 401 standard is extremely liberal." *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 599 (6th Cir. 2019).

Defendants can submit evidence about drug use by Ms. Ousley on the night and early morning of the alleged sexual assault. This evidence could go to Ms. Ousley's perception or memory of the events in question. *See Frye*, 933 F.3d at 599 (evidence of a prescription drug's side effects on a decedent had probative value in explaining why the decedent remained in a train's path and that is all Rule 401 requires).

Defendants may also offer evidence about Ms. Ousley's drug use during her employment with CG while at work in support of any argument that such behavior influenced CG's decision to terminate her. Ms. Ousley attached three incident reports to her Motion, and each refers to her being "intoxicated." (ECF No. 159-2.) The definition of "intoxicated" is "affected by alcohol or drugs especially to the point where physical and mental control is markedly diminished." *Intoxicated*, Merriam-

Webster Dictionary, https://perma.cc/M7FP-S346 (last visited July 20, 2023). What the individuals who filled out the incident reports meant when they referred to Ms. Ousley as "intoxicated" is relevant. And of course, Ms. Ousley's counsel can cross-examine these witnesses.

But evidence about Ms. Ousley's recreational drug use outside of work or at places of employment other than CG would be prejudicial and irrelevant, and is therefore excluded. *See* Fed. R. Evid. 402, 403.

Ms. Ousley's Motion is **DENIED in part** as to drug use evidence during her employment at CG while at work, including the night and early morning of the alleged sexual assault. Ms. Ousley's Motion is **GRANTED in part** as to evidence of other drug use.

### D. Ms. Ousley's Motion To Exclude Defendants from Asserting that She Auditioned for or Worked as a Nude Exotic Dancer

Ms. Ousley moves to exclude the introduction of evidence and testimony about her applying to be and working as a "nude exotic dancer" with Defendants or any other clubs. (ECF No. 160, PageID 2964.) She asserts that she never auditioned to be a nude exotic dancer with CG; that even if she had, it would be irrelevant to her claims; and such evidence would be unfairly prejudicial under Rule 403. (*Id.* PageID 2967–68.)

Defendants retort that Ms. Ousley "fails to state a legal claim as to why auditioning as a nude exotic dancer is irrelevant" and that they "are trying to establish context in which the alleged sexual assault occurred." (ECF No. 172, PageID 3153.) In support, Defendants cite portions of Ms. Ousley's deposition

transcript where she testified that she worked at other adult entertainment clubs in various roles. (*Id.*)

Ms. Ousley's Motion is **GRANTED**. Whether she auditioned for or worked as a nude exotic dancer in the past has no tendency to make a fact of consequence in sexual harassment, assault, and retaliation action more or less probable. *See* Fed. R. Evid. 401. Thus, it is irrelevant and inadmissible. *See* Fed. R. Evid. 402.

## II. MOTIONS TO BIFURCATE

Both parties move to bifurcate (ECF Nos. 153, 158), and file papers opposing each other's motions, at least in part (ECF Nos. 165, 174).

### A. Defendant's Motion to Bifurcate the Issue of Punitive Damages

Defendants ask the Court to bifurcate punitive damages from liability and compensatory damages under Ohio Revised Code § 2315.21(B)(1). (ECF No. 153, PageID 2929.) Defendants contend that Ms. Ousley will not succeed at establishing liability, but they acknowledge that she seeks punitive damages in connection with her Ohio statutory sex discrimination/harassment claims, and so they ask for bifurcation. (*Id.* PageID 2930.)

Section § 2315.21 of the Ohio Revised Code states:

(B)(1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:

(a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury . . . . During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the

issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury . . . .

(b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury . . . , evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury . . . .

Actions brought under Ohio Revised Code §4112 are "tort actions" subject to bifurcation under § 2315.21, and Ms. Ousley brings claims under § 4112. *See* Ohio Rev. Code § 2315.21(A)(1)(a)(ii); *see also Geiger v. Pfizer, Inc.,* No. 2:06-CV-636, 2009 WL 1026479, at *1 (S.D. Ohio Apr. 15, 2009); (Third Am. Compl., ECF No. 80, Counts III–VI). Because the statute's requisite requirements are met and Ms. Ousley does not oppose Defendants' request, Defendants' Motion to Bifurcate the Issue of Punitive Damages is **GRANTED**.

## B. Ms. Ousley's Motion to Bifurcate Liability and Damages at Trial

Ms. Ousley moves to bifurcate too, but her Motion requests that the Court bifurcate all damage issues from liability issues at trial. (ECF No. 158; *see also* ECF No. 174.) She contends that her claims for back pay and punitive damages are unrelated to a liability determination and therefore could conflate issues, confuse the jury, and result in prejudice. (ECF No. 174, PageID 3161.) She also argues that Defendants' "after[-]acquired evidence defense based on Ms. Ousley's alleged drug use . . . limits a plaintiff's damages, and is not relevant to the issue of liability." (ECF No. 158, PageID 2949.)

Defendants oppose to the extent Ms. Ousley seeks to bifurcate liability from compensatory damages, arguing there is a great deal of overlap in the issues and evidence, thus making bifurcation inefficient and impractical. (ECF No. 165, PageID 3092.)

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." And "the decision whether to try issues separately is within the sound discretion of the court." *Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996).

After-acquired evidence of wrongdoing that would have resulted in termination does not bar all relief under Title VII, but such evidence can limit damages awards and generally makes reinstatement and front pay inappropriate as remedies. *See McKennon v. Nashville Banner Publ'g Co.* 513 U.S. 352, 358, 361–62 (1995) (holding as to the Age Discrimination in Employment Act); *Wehr v. Ryan's Fam. Steak Houses, Inc.*, 49 F.3d 1150, 1153 (6th Cir. 1995) (finding *McKennon*'s holding applies equally to a Title VII claim). Defendants do not indicate in their papers that they will seek to assert the after-acquired evidence defense, but they do include that defense in their affirmative defenses. (ECF No. 83, ¶ 311, Ninth Affirmative Defense.) It is unclear whether Defendants have after-acquired evidence of drug use or whether they will rely on it as part of their defense, and it

will not be clear if and until such evidence is offered at trial. If they do, Ms. Ousley's counsel can object at that time.

Further, bifurcation of all liability and damages issues would create inefficiencies and impracticalities.

Ms. Ousley's Motion is **DENIED in part.** But it is **GRANTED in part** to the extent that it overlaps with Defendants' Motion to Bifurcate.

### III.    CONCLUSION

Defendants' Motion in Limine to Bar All Evidence Relating to Back and Front Pay (ECF No. 157) is **DENIED**.

Ms. Ousley's Motion in Limine to Exclude Reference to Her Alleged Illegal Drug Use (ECF No. 159) is **DENIED in part** as to drug use evidence during her employment at CG while at work, including the night and early morning of the alleged sexual assault. Ms. Ousley's Motion is **GRANTED in part** as to evidence of other drug use.

Ms. Ousley's Motion to Exclude Defendants from Asserting that She Auditioned for or Worked as a Nude Exotic Dancer (ECF No. 160) is **GRANTED**.

Defendants' Motion to Bifurcate the Issue of Punitive Damages (ECF No. 153) is **GRANTED**. Ms. Ousley's Motion to Bifurcate Liability and Damages at Trial (ECF No. 158) is **DENIED in part** as to bifurcation of all liability and damage issues, except that it is **GRANTED in part** to the extent it overlaps with Defendants' Motion to Bifurcate. The first phase of the trial will address the issues of liability and damages other than punitive damages. The second phase (if any), to follow immediately after, will address punitive damages.

**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**