UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA OUSLEY,

      Plaintiff,

  v.

CG CONSULTING, LLC, *et al.*,

      Defendants.

:

:

Case No. 2:19-cv-01744
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on more pretrial motions filed by Plaintiff Alicia Ousley and Defendants CG Consulting, LLC and Jose Canseco. (ECF Nos. 163, 178, 186.) The Court addresses the motions in the order in which they were filed.

### I. MS. OUSLEY'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO AND/OR USE OF BUSINESS JUDGMENT AND HONEST BELIEF AFFIRMATIVE DEFENSES

Plaintiff Alicia Ousley filed a Motion in Limine to Exclude Reference to and/or Use of Business Judgment and Honest Belief Affirmative Defenses. (ECF No. 163.) Defendants oppose. (ECF No. 167.)

#### A. Honest Belief Rule

Ms. Ousley argues that although Defendants propose jury instructions about the honest belief affirmative defense, they failed to include that defense in their responsive pleading to the operative complaint and so they waived it. (ECF No. 163.) Defendants counter that Ms. Ousley is mistaken because they do include the

honest belief rule in their answer (defenses eleven and nineteen) so it has not been waived. (ECF No. 167, PageID 3098.)

The Sixth Circuit summarized the honest belief rule in *Seeger v. Cincinnati Bell Tel. Co., LLC*:

> [A]n employer's proffered reason [for an adverse employment action] is considered honestly held where the employer can establish it reasonably reli[ed] on particularized facts that were before it at the time the decision was made. Thereafter, the burden is on the plaintiff to demonstrate that the employer's belief was not honestly held.

681 F.3d 274, 285 (6th Cir. 2012) (citing *Joostberns v. United Parcel Servs., Inc.*, 166 F. App'x 783, 791 (6th Cir. 2006)); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001) ("[A]s long as an employer has an honest belief in its proffered nondiscriminatory reason for discharging an employee, the employee cannot establish that the reason was pretextual simply because it is ultimately shown to be incorrect.").

Defendants' nineteenth affirmative defense states that Plaintiff is not entitled to recovery because "any and all acts or conduct of Defendants with regard to Plaintiffs were taken in good faith and with reasonable grounds for believing that such acts or omissions were not in violation of the law." (ECF No. 83, ¶ 321.) Therefore, Defendants have not waived the honest belief defense and Ms. Ousley's Motion is **DENIED in part.**

B.   **Business Judgment Rule**

Ms. Ousley contends that because Defendants failed to include the business judgment rule affirmative defense in their responsive pleading, they have waived that defense too. (ECF No. 163.) She also asserts that the Sixth Circuit has not

2

adopted the business judgment rule in discrimination cases. (*Id.*) Defendants counter that the business judgment rule is not a burden of pleading, but a burden of proof, and that Ms. Ousley must present evidence at trial to rebut the presumption imposed by the rule. (ECF No. 167, PageID 3098.)

In *White v. Baxter Healthcare Corp.*, the Sixth Circuit explained that it "has never adopted a 'business-judgment rule' which requires us to defer to the employer's 'reasonable business judgment' in Title VII cases." 533 F.3d 381, 393 n.6 (6th Cir. 2008); *Barkeley v. Steelcase, Inc.*, No. 1:07-CV-1008, 2009 WL 722601, at *8 (W.D. Mich. Mar. 17, 2009). The *White* Court provided additional guidance:

> Indeed, in most Title VII cases the very issue in dispute is whether the employer's adverse employment decision resulted from an objectively unreasonable business judgment, *i.e.,* a judgment that was based upon an impermissible consideration such as the adversely-affected employee's race, gender, religion, or national origin. . . . The question of whether the employer's judgment was reasonable or was instead motivated by improper considerations is for the *jury* to consider.

533 F.3d 393 n.6.

Because the Sixth Circuit has declined to adopt a "employer-deferent 'business-judgment rule,'" Ms. Ousley's Motion is **GRANTED in part** as to Defendants' use of that rule.

## II. MS. OUSLEY'S MOTION TO EXCLUDE PREVIOUSLY UNDISCLOSED WITNESSES FROM TESTIFYING AT TRIAL

Ms. Ousley also moves to exclude witnesses Branden McFarland, Amanda Abbruzze, Greg Flaig, and Arman Stepanyan. (ECF No. 178.) Defendants oppose her Motion (ECF No. 184) and the Court heard brief argument from the parties

during the Final Pretrial Conference on July 24, 2023 (ECF No. 187). The Court addresses each witness in turn.

### A. Branden McFarland

Ms. Ousley argues Mr. McFarland was not disclosed as a witness until June 29, 2023, even though discovery closed on March 4, 2022. (ECF No. 178, PageID 3184.) She asserts that Mr. McFarland was not involved in her termination. (*Id.* PageID 3186.) Defendants respond that Ms. Ousley included an incident report written by Mr. McFarland in her preliminary exhibit list (*see* ECF No. 159-2, PageID 2962), and he was known to Ms. Ousley throughout her employment with CG. (ECF No. 184, PageID 3837.)

Ms. Ousley's Motion to Exclude Mr. McFarland is **DENIED.**

### B. Amanda Abbruzze

At the Final Pretrial Conference, Defendants agreed not to call Ms. Abbruzze, and so Ms. Ousley's Motion to Exclude to Ms. Abbruzze is **GRANTED.**

### C. Greg Flaig

Ms. Ousley contends that Mr. Flaig was not disclosed as a witnesses until June 30, 2023, and Defendants seek to introduce him as a witness only to confuse the jury, improperly offer character evidence, and prejudice Ms. Ousley. (ECF No. 178, PageID 3184, 3187.) Defendants respond that Ms. Ousley deposed Mr. Flaig and that he was a confidante and business partner to Ms. Ousley. (ECF No. 184, PageID 3838.)

Ms. Ousley's Motion to Exclude Mr. Flaig is **GRANTED.**

   D.   **Arman Stepanyan**

As for Mr. Stepanyan, Ms. Ousley states he was not disclosed as a witnesses until June 30, 2023, and Mr. Stepanyan knows nothing about her claims or defenses. (ECF No. 178, PageID 3184, 3187.) Defendants only offer him as a witness, she continues, because they seek to offer inadmissible character evidence. (*Id.* PageID 3187.) Defendants counter that Mr. Stepanyan was Ms. Ousley's business partner in a gentlemen's club venture that she intended to open with him, and that he is offered as an impeachment witness. (ECF No. 184, PageID 3838.)

   Ms. Ousley's Motion to Exclude Mr. Stepanyan is **GRANTED.**

### III.   MOTIONS TO EXCLUDE CERTAIN EXHIBITS

At the Final Pretrial Conference (ECF No. 187), both parties made oral motions to exclude certain exhibits included on the preliminary exhibit lists. Ms. Ousley's counsel raised that Defendants' preliminary exhibit list includes Joshua Votaw's check summary and earnings statement (*see* ECF No. 177, PageID 3181–82), and argued that such exhibits should be excluded given the Court's recent Opinion and Order on evidence related to the Wage and Hour Claims (*see* ECF No. 183). Defense counsel agreed to remove those documents from their preliminary exhibit list. Accordingly, Ms. Ousley's oral Motion to Exclude Exhibits is **DENIED AS MOOT.**

Defense counsel objected to the inclusion of Ms. Ousley's tax returns and accompanying W-2s in her preliminary exhibit list, contending those records were previously undisclosed and asking the Court to exclude them. (*See* ECF No. 177, PageID 3179–80.) Defense counsel also filed a written motion making the same

5

arguments. (ECF No. 186.) On the record, the Court ordered that defense counsel could depose Ms. Ousley on the limited issue of those tax returns and W-2s. Thus, Defendants' Motion is **DENIED.** (ECF No. 186.) Defendants' request that the Court impose sanctions upon Ms. Ousley is also **DENIED.** (*Id.*)

IV. **CONCLUSION**

Ms. Ousley's Motion in Limine to Exclude Reference to and/or Use of Business Judgment and Honest Belief Affirmative Defenses is **DENIED in part** as to Defendants' use of the honest belief rule and **GRANTED in part** as to Defendants' use of the business judgment rule. (ECF No. 163.)

Ms. Ousley's Motion to Exclude Previously Undisclosed Witnesses McFarland, Abbruzze, Flaig, and Stepanyan from Testifying at Trial is **GRANTED in part** and **DENIED in part.** (ECF No. 178.) Defendants may call Branden McFarland as a witness. Defendants cannot call Amanda Abbruzze, Greg Flaig, or Arman Stepanyan as witnesses.

Ms. Ousley's oral motion to exclude Joshua Votaw's check summary and earnings statement as exhibits is **DENIED AS MOOT.** Defendants' Motion in Limine to Exclude Tax Returns is **DENIED.** (ECF No. 186.) Defendants' request that the Court impose sanctions upon Ms. Ousley is also **DENIED.** (*Id.*) Defendants may depose Ms. Ousley on the limited issue of her tax returns and W-2s.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6