UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA OUSLEY,

      Plaintiff,

  v.

CG CONSULTING, LLC, *et al.*,

      Defendants.

:

:

:

Case No. 2:19-cv-1744
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On September 14 and 15, 2023, a jury returned verdicts awarding Alicia Ousley $50,000 in compensatory damages against CG Consulting, LLC and Jose Canseco and $20,000 in punitive damages against CG Consulting. (ECF Nos. 202, 202-1.) The jury found in Ms. Ousley's favor against CG Consulting on her claims for sexual harassment and retaliation and against Mr. Canseco on her claims for aiding and abetting sexual harassment and aiding and abetting retaliation; it found in favor of the Defendants on Ms. Ousley's claims for hostile work environment, assault, battery, and aiding and abetting a hostile work environment. (*Id.*)

This matter is now before the Court on Ms. Ousley's Motion for Attorney's Fees, Costs, and Pre-and Post-Judgment Interest. (ECF No. 207.) In response, Defendants argue that the amount of attorney's fees sought is unreasonable and excessive in relation to the degree of success obtained. (ECF No. 210.) After thorough consideration, the Court **GRANTS** Ms. Ousley's Motion **in part** pursuant to the following analysis.

1

I. **ATTORNEY'S FEES**

Ms. Ousley filed a Complaint against CG Consulting and Mr. Canseco in 2019; in addition to the claims that went to trial, she alleged claims under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and a claim under the Ohio Constitution. (ECF No. 1.) Following discovery, two amendments to Ms. Ousley's original Complaint, and motions practice, the parties engaged in a mediation on March 6, 2023. That mediation resulted in the settlement of Ms. Ousley's state and federal wage claims. (ECF No. 147.) On May 16, 2023, the Court granted Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement. Order and Opinion, ECF No. 145, *Ousley v. CG Consulting, et al.*, No. 2:23-cv-01435 (S.D. Ohio) (Jolson, M.J.).

The parties were unable to resolve Ms. Ousley's non-wage claims, so the Court severed the wage claims and scheduled her remaining claims for trial. (ECF Nos. 143, 144.) This led to pre-trial motion practice by the parties, then a four-day jury trial.

Prevailing plaintiffs in Title VII actions are entitled to an award of reasonable attorney's fees. 42 U.S.C. § 2000e-5(k); *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015). Ohio law similarly provides that a prevailing party in an employment discrimination case is entitled to recover her attorney's fees and costs. *Post v. Procare Auto. Serv. Sols.*, No. 87646, 2007 WL 1290091, at *3 (Ohio Ct. App. May 3, 2007); *see also Leininger v. Pioneer Natl. Latex*, 875 N.E.2d 36, 43 (Ohio 2007). And, when a prevailing party is awarded punitive damages,

2

Ohio law allows for the recovery of attorney's fees as an element of compensatory damages. *Cruz v. Eng. Nanny & Governess Sch.*, 207 N.E.3d 742, 750 (Ohio 2022).

The Court calculates an award of attorney's fees by using the lodestar method, under which a reasonable hourly rate is multiplied by the number of hours reasonably expended on the litigation. *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio 2008) (Beckwith, J.). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (emphasis omitted). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The lodestar method is designed to attract competent counsel to vindicate a person's rights but is not intended to serve as a windfall for attorneys. *Coulter v. Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986), *abrogated on other grounds by The Ne. Ohio Coal. for the Homeless v. Husted,* 831 F.3d 686, 692 (6th Cir. 2016).

### A. Reasonable Hourly Rate

The first part of the Court's lodestar calculation is a reasonable hourly rate. Defendants do not dispute the hourly rates charged by Ms. Ousley's counsel, and the Court finds that the rates are reasonable.

3

### B. Reasonable Hours Expended

The Court must next determine the reasonable number of hours expended. "[T]he prevailing party's lawyer should be the first gatekeeper in this task, exercising the same billing judgment she would with one's client." *Hines v. DeWitt,* No. 2:13-cv-1058, 2016 WL 2342014, at *4 (S.D. Ohio May 4, 2016) (Graham, J.), *aff'd sub nom. Hines v. City of Columbus, Ohio,* 676 F. App'x 546 (6th Cir. 2017) (citing *Hensley*, 461 U.S. at 434). The Court's focus is on "mixed questions about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel." *Coulter*, 805 F.2d at 151. Excessive, redundant, or otherwise unnecessary hours will not be counted. *Hensley*, 461 U.S. at 434. While representation by multiple legal counsel "can be productive," "the danger of duplication [is] a waste of resources which is difficult to measure." *Coulter*, 805 F.2d at 152.

Defendants raise four arguments as to why Ms. Ousley's attorney's fees should be reduced: (1) counsel's time entries are vague and "block billed"; (2) an associate billed for administrative work; (3) attorney's fees incurred for time spent on the wage and hour claims are not recoverable; and (4) the fees sought are disproportionate to the jury verdict. (ECF No. 210, PAGEID # 4148–55.)

#### 1. Vague and "Block Billed" Time Entries

Defendants' first objection is that many of counsel's billing entries are vague and represent "block billing" so that the Court is unable to conduct sufficient review of the time. (ECF No. 210, PAGEID # 4151.) However, they identify only three

4

specific time entries by Attorney Knoll, which entries are billed for 2.4, 1.6, and 4.2 hours. (*Id.*, PAGEID # 4152–53.)

The Sixth Circuit has held that block billing "can be sufficient" if the description of the work performed is adequate. *See, e.g.*, *Smith v. Serv. Master Corp.*, 592 Fed. App'x. 363, 371 (6th Cir. 2014); *see also Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 273 (6th Cir. 2007) (Moore, J., concurring in part and dissenting in part) ("[Plaintiff] has cited no authority to support its argument that the use of block billing is contrary to the award of a reasonable attorney fee … and, in fact, our sister circuits have rejected block-billing objections to fee awards in a number of contexts."). The Court has reviewed Attorney Knoll's time entries to which Defendants object and finds her descriptions of the work performed to be adequate in the context of the amount of time billed and this litigation.

### 2. Administrative Work

Defendants next complain that many of Attorney Hanselman's time entries reflect purely administrative work that should have been delegated to a staff member. (ECF No. 210, PAGEID # 4153.) In response, Ms. Ousley argues that Attorneys Knoll and Hanselman do not have support staff, that the time entries identified by Defendants include other work, and that the total billed already reflects a reduction in the compensable time being sought. (ECF No. 211, PAGEID # 4204–05.)

"[P]urely clerical or secretarial tasks that require no legal skill or training … should not be billed (even at a paralegal rate), because '[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.'" *Gibson v. Scott*, No. 2:12-cv-1128, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014) (Smith, J.) (quoting *Hensley*, 461 U.S. at 437). This Court has previously held that "'purely clerical or secretarial' activity is not billable at a paralegal's rate, or at any rate at all, because such tasks are included in office overhead." *Id.* (quoting *Holmes v. Astrue*, C/A No. 3:08-1829-CMC-JRM, 2010 WL 3220085, at *2 (D.S.C. Aug. 12, 2010) (citation omitted)); *Autrey v. Food Concepts International, LP*, No. 2:13-cv-00131, 2017 WL 1163845, at *10 (S.D. Ohio Mar. 29, 2017) (Marbley, J.); *see also Shaffer v. Colvin*, No. 4:12CV3121, 2014 WL 185779, at *5 (N.D. Ohio Jan. 16, 2014) (discussing the distinction between billable legal work and non-billable clerical work).

Many of Attorney Hanselman's time entries reflect purely clerical work. After reviewing her entries highlighted by Defendants' counsel (ECF No. 210-1), the Court determines that it is appropriate to reduce Attorney Hanselman's billed time by 32.2 hours.[1]

---

[1] Some of the highlighted entries from Attorney Hanselman's timesheet reflect both substantive and clerical tasks. *See, e.g.*, June 23, 2023 entry (ECF No. 207-3, PAGEID # 4184). With respect to these multi-task entries, the Court has deducted an approximated time for clerical tasks.

6

### 3. Time Spent on Wage and Hour Claims

Defendants also object to the Motion on the ground that Ms. Ousley is not entitled to recover attorney's fees incurred for time spent on her wage and hour claims. The parties' wage and hour settlement was approved by the Court on May 16, 2023; the approval included an award of $41,160.31 in attorney's fees to Ms. Ousley. (Case No. 2:23-cv-1435, ECF No. 145, PAGEID # 2753.)

For the claims that went to trial, Attorney Bryant requests payment for 221.8 billable hours, and he declares under the penalty of perjury that he has excluded all hours associated with the settlement of the wage and hour claims. (ECF No. 207-1, PAGEID # 4042.) However, Attorney Bryant's time records indicate, among other things, that he is seeking payment for 5.8 hours on March 6, 2023, for the mediation during which the parties settled the wage and hour claims. (*See id.*, PAGEID # 4045; ECF No. 136.) In total, he seeks payment for 35.5 hours of work done before May 16, 2023.[2] (*See* ECF No. 207-1, PAGEID # 4045–46.)

A review of the time records submitted by Attorney Knoll reveals that she is also seeking payment for work done on the wage and hour claims—for example, on December 15, 16, and 17, 2020, Attorney Knoll billed time related to Plaintiff's Motion to Show Cause (ECF No. 63), which Motion related only to the wage and hour claims. (*See* ECF No. 207-2, PAGEID # 4067.) Attorney Hanselman's time

---

[2] The total figure includes 4.1 "non-billable" hours reflected in an entry dated March 7, 2023. (ECF No. 207-1, PAGEID # 4054.) The description for this entry shows that the 4.1 hours were spent drafting the FLSA settlement agreement and other tasks related to the wage and hour claims. (*Id.*)

7

records also reflect time billed for work related to the Motion to Show Cause. (*See* ECF No. 207-3, PAGEID # 4105.) Attorney Knoll's bills include 165.1 hours of time before May 16, 2023; after the Court's reduction in the previous section (which resulted in the removal of 18 hours of clerical time dated prior to May 16, 2023), Attorney Hanselman billed 62 hours for the same period. (ECF No. 207-2, PAGEID # 4061–75; ECF No. 207-3, PAGEID # 4091–112.)

"Courts have recognized the impracticality of specifying each and every hour to be excluded in a … fee application … in which voluminous billing records must be examined," and "for this reason, most circuits, including the Sixth, have authorized across-the-board fee reductions as an appropriate method of trimming fat from a fee application." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 n.5 (N.D. Ohio 1997) (citations and internal quotations omitted); *Szeinbach v. Ohio State Univ.*, No. 2:08-cv-822, 2017 WL 2821706, at *10 (S.D. Ohio June 30, 2017) (Kemp, M.J.) ("[O]nly an across-the-board reduction [would] adequately address the issues apparent," which included "a tendency to overwork particular issues" and "errors and irregularities" in the billing spreadsheets).

In light of the inclusion of time for work done on the wage and hour claims, it is appropriate for the Court to make an across-the-board reduction for work billed before the resolution of those claims. Based on the Court's knowledge of the case, it agrees with Defendants' characterization that most of the focus of the litigation before the March 2023 mediation was on the wage and hour claims. Accordingly, the Court will reduce the time billed by each timekeeper before May 16, 2023, by 60%.

8

### 4. Proportionality

The Supreme Court has rejected the notion that attorney's fees should be directly proportional to the prevailing party's recovery. *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). Nonetheless, the Sixth Circuit has ruled that a trial court abuses its discretion in failing to consider proportionality altogether. *Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557, 559–60 (6th Cir. 2015).

"In determining what is proportional, courts should not employ a strict 'mathematical approach,'" but should instead "'look at the degree of plaintiff's overall success.'" *Dowling v. Litton Loan Servicing, LP*, No. 08–3590, 2009 WL 961124, at *5 (6th Cir. Apr. 9, 2009) (citation omitted). As the Sixth Circuit explained:

> [L]itigation is not an "exact science": Lawyers cannot preordain which claims will carry the day and which will be treated less favorably. Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative (see *Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1386 (D.C. Cir. 1995)). Fee awards comport with that reality by giving full credit to a meaningfully successful plaintiff, rather than making a mechanical per-losing-claim deduction from an attorney's fee award (*Hensley*, 461 U.S. at 435).

*Jordan v. City of Cleveland*, 464 F.3d 84, 604 (6th Cir. 2006). "The result is what matters." *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006) (citation omitted).

Ms. Ousley was extremely successful in this case. Defendants vigorously disputed Ms. Ousley's allegations, but the jury ultimately believed Ms. Ousley that she was sexually harassed at work and was then terminated. Although the jury did not find in her favor on all her claims, the jury found that she proved her claims for

9

sexual harassment and retaliation and that Mr. Canseco aided and abetted that sexual harassment and retaliation. (ECF No. 202.) The jury also found that Ms. Ousley was entitled to punitive damages against CG. (ECF No. 202-1.) The fees sought are proportionate to Ms. Ousley's success.

### C. Final Calculation of Attorney's Fees

| Timekeeper | Hourly Rate | Reduced Hours | Total Fees |
|---|---|---|---|
| Daniel I. Bryant | $400[3] | 200.5 | $80,200 |
| Laren E. Knoll | $400 | 312.8 | $125,120 |
| L. Nicole Hanselman | $250 | 81.6 | $20,400 |
| **Total:** | | | $225,720 |

## II. COSTS

Ms. Ousley seeks costs of $6,455.28. Defendants object to $1,315 of that amount, arguing that computerized research is not a recoverable cost. (ECF No. 210, PAGEID # 4155–56.)

The Sixth Circuit has stated that there is "no reason for an absolute rule that the cost of computer research is not recoverable." *Smith*, 592 Fed. App'x. at 368. This District has awarded such fees to successful litigants. *See, e.g., Myers v. Memorial Health Sys. Marietta Memorial Hosp.*, No. 15-cv-2956, 2022 WL 4079559, at *1 (S.D. Ohio Sept. 6, 2022) (Marbley, J.) (approving costs necessary to litigate

---

[3] Attorney Bryant's hourly rate increased during the pendency of this action—it went from $300 to $400 an hour in 2022. (ECF No. 207, PAGEID # 4023, 4028.) Because only 0.2 hours were billed before 2022, the Court applied the higher rate to the discounted hours.

the case, including legal research). "If distinct charges are incurred for specific research directly relating to the case, and the general practice in the local legal community is to pass those charges on to the client, [there is] no reason why such properly documented charges should not be included in the recoverable expenses." *Smith*, 592 Fed. App'x. at 368.

Here, Ms. Ousley's counsel has explained that the Westlaw charge at issue was his actual cost for out-of-plan research on jury instructions for trial. (ECF No. 211, PAGEID # 4205.) There was a great deal of discussion at trial about the instructions to be given to the jury, so such research was necessary and connected to this litigation. Defendants' objection to Ms. Ousley's costs is **DENIED**.

### III. PRE- AND POST-JUDGMENT INTEREST

Defendants do not oppose Plaintiff's Motion to the extent that it seeks pre- and post-judgment interest. She is hereby awarded pre-judgment interest from May 2, 2019, and post-judgment interest from September 15, 2023.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Attorney's Fees, Costs, and Pre- and Post-Judgment Interest (ECF No. 207) is **GRANTED in part**. Plaintiff is hereby awarded $225,720 in attorney's fees, $6,455.28 in costs, pre-judgment interest beginning May 2, 2019, and post-judgment interest beginning September 15, 2023.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**